**Arsenio VILLANO, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94–1006.

United States Court of Veterans Appeals.

May 8, 1997.

and (iii) otitis media of the right ear. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). By order dated May 20, 1996, the Court remanded the issue of entitlement to service connection for hearing loss in the left ear, affirmed the portion of the BVA decision pertaining to hearing loss and otitis media of the right ear, and ordered further briefing on the issue of an increased rating for the appellant's loss of his left eye. *Villano v. Brown,* No. 94–1006, 1996 WL 287954 (Vet.App. May 20, 1996). Therefore, the only issue remaining on appeal is the appellant's claim for an increased rating for the loss of his left eye. For the reasons that follow, the Court will affirm the BVA decision.

## I.

The appellant had service with the U.S. Armed Forces of the Far East from December 1941 to June 1946. Record (R.) at 21, 31. He was a prisoner of war of the government of Japan from April to June 1942. R. at 31–32. The veteran lost his left eye when it was ruptured by shrapnel in 1942. R. at 21, 31. In 1947, he was awarded service-connected benefits, rated at 40% for the anatomical loss of his left eye. R. at 29. This rating was confirmed in 1951, 1958, 1974, 1977, 1985, 1987, 1991, and 1992. R. at 48, 60, 62, 85, 95, 128, 136, 152, 166. The appellant filed a Notice of Disagreement with the 1992 rating decision on June 9, 1992 (R. at 174), and on August 24, 1994, the BVA issued its decision here on appeal (R. at 4). The Board found, inter alia, that the veteran was already receiving the highest possible rating for the anatomical loss of his left eye (40%) and that therefore an increased rating was not warranted. R. at 7.

Arsenio Villano, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and Susan A. Wuchinich, Washington, DC, were on the brief for appellee.

Before NEBEKER, Chief Judge, and FARLEY and STEINBERG, Judges.

FARLEY, Judge:

This is an appeal from an August 26, 1994, decision of the Board of Veterans' Appeals (BVA or Board) which denied the appellant's claim for increased ratings for the following service-connected disabilities: (i) anatomical loss of his left eye, (ii) right ear hearing loss,

## II.

The finding of degree of impairment resulting from a disability is a question of fact. *Francisco v. Brown,* 7 Vet.App. 55, 57 (1994). The Court reviews findings of fact under a "clearly erroneous" standard of review. 38 U.S.C. § 7261(a)(4); *Martin v. Brown,* 4 Vet.App. 136, 139 (1993); *Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1990). "A finding is 'clearly erroneous' when although

there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). In determining whether a finding is clearly erroneous, "this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible basis' in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert*, 1 Vet.App. at 53. Furthermore, the Court's review of the schedule of ratings is limited to whether a particular code is contrary to law. 38 U.S.C. § 7252(b) ("The Court may not review the schedule of ratings for disabilities ... or any action of the Secretary in adopting or revising that schedule.").

The BVA concluded that the appropriate diagnostic code for Mr. Villano's claim was 38 C.F.R. § 4.84a, Diagnostic Code (DC) 6066, and, relying upon 38 C.F.R. § 3.383(a)(1), found that the rating for the service-connected anatomical loss of an eye is established without regard to any non-service-connected vision impairment in the other eye, unless that non-service-connected eye is blind. *See* 38 C.F.R. § 3.383(a)(1)(1996). Section 3.383(a)(1) provides that when a veteran has service-connected blindness in one eye, and has non-service-connected blindness in the other eye, the rating shall be evaluated as if both disabilities were service connected.

The Secretary states that, other than in a case of total blindness in the non-service-connected eye, "the current statutory, regulatory, and manual provisions are silent" with regard to whether a non-service-connected vision impairment in one eye is to be considered in the assignment of a rating of a service-connected vision impairment in the other eye. *See* Secretary's Response at 2. The Secretary has construed this silence to mean that, absent total blindness, visual acuity in the non-service-connected eye is considered to be normal for purposes of DC 6066 irrespective of any vision disability in that eye. The Secretary draws this conclusion notwithstanding the fact that he acknowledges that 38 C.F.R. § 4.78 "appears to require consideration of both eyes." Secre-

tary's Response at 4, n. 1. In a case where service-connected blindness in one eye left a veteran with considerably less than "normal" vision *overall* because of a non-service-connected impairment in the remaining eye, the Secretary's construction of DC 6066 could well conflict with 38 C.F.R. § 4.78 and indeed give rise to equal protection concerns based upon an allegation of disparate treatment without a rational basis. Here, however, the veteran does not contend, and the record does not reflect, that he had any vision impairment in his right eye upon entering service. Therefore, the efficacy of the Secretary's construction of DC 6066 as it pertains to the original 40% rating is not before the Court in this appeal.

Although § 4.78 does require that a non-service-connected vision impairment be taken into account when initially determining the effect of the aggravation of a visual disability, the second sentence of that regulation states: "In the event of subsequent increase in the disability of either eye, due to intercurrent disease or injury not associated with the service, the condition of the eyes before suffering the subsequent increase will be taken as the basis of compensation subject to the provisions of § 3.383(a) of this chapter." 38 C.F.R. § 4.78. Therefore, that regulation would preclude the Secretary from considering, in a case such as this one, any increase in disability in the non-service-connected eye when computing the aggravation of a disability after the initial rating has been made. *Ibid.*

When VA originally rated the veteran's service-connected loss of his left eye, he had normal vision in his right eye. *See, e.g.* R. at 29, 36, 37. Therefore, he received the maximum rating allowed (40%). He now claims only that his disability has since increased, presumably because of an increase in the non-service-connected vision impairment in his right eye. However, § 4.78 requires that the rating be based upon the condition of the eyes before any subsequent non-service-connected increase in disability. Therefore, the Board's assignment of the 40% rating was not clearly erroneous, *see* 38 U.S.C. § 7261(a)(4), and, in light of 38 C.F.R.

§ 4.78, the Board's construction of DC 6066 in this case is in accordance with law.

## III.

Upon consideration of the record, the parties' briefs, and the Secretary's response to the Court's May 20, 1996, order, the Court holds that the appellant has not demonstrated that the Board committed either factual or legal error that would warrant reversal or remand with respect to the appellant's claim for an increased rating for the anatomical loss of his left eye. *Gilbert,* 1 Vet.App. at 61; *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). Accordingly, the Board of Veterans' Appeals August 26, 1994, decision with respect to the appellant's claim for an increased rating for the anatomical loss of his left eye is AFFIRMED.