Gerald BOYER, Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

No. 97–1194.

United States Court of Veterans Appeals.

Oct. 8, 1998.

Lee Harrison (non-attorney practitioner) was on the brief for the appellant.

John H. Thompsan, Acting General Counsel; Ron Garvin, Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Michelle R. Katina were on the pleadings for the appellee.

Before KRAMER, IVERS, and GREENE, Judges.

KRAMER, Judge:

The appellant appeals a June 30, 1997, decision of the Board of Veterans' Appeals (Board or BVA) denying service connection for right-ear hearing loss and denying an increased (compensable) rating for left-ear hearing loss. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will affirm the decision of the BVA.

## I. RELEVANT BACKGROUND

The appellant served on active duty in the U.S. Army from October 1967 to December 1969. R. at 55. His service medical records indicate his hearing was within normal ranges in both ears at the time of his entry into service. R. at 13–14. He was a light-weapons infantryman and served in Vietnam. R. at 52. His separation examination report shows measurable hearing loss in his left ear, but not his right ear, as compared to his recorded hearing at the time of his entrance into service. R at 48.

In November 1994, he applied for service connection for hearing loss. In March 1995, a VA regional office granted service connection for the left-ear hearing loss but denied service connection for his right ear hearing loss, based upon demonstrated hearing loss in his left ear, but not his right ear, at the time of his separation from service. R. at 87. The appellant's left-ear hearing loss was rated at 0% disabling. *Id.* The appellant filed a timely Notice of Disagreement with this decision. R. at 91. In connection with his appeal, he testified before a hearing officer in September 1995 and stated, inter alia, that his infantry unit in Vietnam was attached to an artillery unit, which exposed him to high noise levels. R. at 113–24. An October 1995 VA Compensation and Pension Examination report found bilateral moderate to severe sensorineural hearing loss with fair to poor speech discrimination including a speech recognition score of 56% in this left ear and an average pure tone threshold of 65 decibels in the left ear. R. at 128. In the June 1997 decision, the BVA concluded that the appellant's claim for service connection for his right-ear hearing loss was not well grounded because there was no competent medical evidence of record that such hearing loss was connected to service, even assuming under 38 U.S.C. § 1154(b) that the appellant was exposed to acoustic trauma in service. R. at 4–5. The Board also concluded that the appellant was not entitled to a compensable rating for his left-ear hearing loss, because, under 38 C.F.R. § 3.383 (1997), his hearing in his non-service-connected ear must be treated as normal for rating purposes because he is not totally deaf in both ears. R. at 8. The appellant filed a timely appeal to the Court as to both claims.

## II. ANALYSIS

### A. Service Connection for the Appellant's Right–Ear Hearing Loss

The appellant argues that service connection for his right-ear hearing loss should be presumed under 38 U.S.C. § 1154(b) because of his service with an artillery unit in Vietnam. However, as the Court recently reaffirmed in *Wade v. West,* 11 Vet. App. 302 (1998), section 1154(b) does not relieve the appellant of his obligation to submit competent medical evidence of a nexus between his present hearing loss and his military service. Lay testimony cannot provide such medical evidence because lay persons are not competent to offer medical opinions. *See Grottveit v. Brown,* 5 Vet.App. 91, 93 (1993); *Espiritu v. Derwinski,* 2 Vet.App. 492, 494 (1992). The Court has reviewed the record on appeal and concludes that, because no such evidence of nexus has been submitted, the appellant's claim for hearing loss in

his right ear is not well grounded. *See Caluza v. Brown,* 7 Vet.App. 498, 506 (1995) (establishing service connection generally requires medical evidence of current disability; medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of disease or injury; and medical evidence of nexus between claimed in-service disease or injury and present disease or injury), *aff'd per curiam,* 78 F.3d 604 (Fed.Cir.1996) (table).

### B. Rating of the Appellant's Left–Ear Hearing Loss

In rating the appellant's left-ear hearing loss as not compensable, the BVA relied upon 38 C.F.R. § 3.383. Sections 3.383(a) and 3.383(a)(3), title 38, Code of Federal Regulations state:

> Compensation is payable for the combinations of service-connected and non-service-connected disabilities *specified in ... this section* as if both disabilities were service-connected.... (3) *Total deafness* in one ear as a result of service-connected disability *and total deafness* in the other ear as a result of non-service-connected disability.

(Emphasis added.) The enabling statute, 38 U.S.C. § 1160(a), states:

> Where the veteran has suffered ... *total deafness* in one ear as a result of service-connected disability *and total deafness* in the other ear as the result of non-service-connected disability ... the Secretary shall assign and pay to the veteran the applicable rate of compensation under this chapter as if the combination of disabilities were the result of service-connected disability."

(Emphasis added.) The Secretary has combined the negative inferences of these provisions with this result:

> If a claimant has service-connected hearing loss in one ear and non-service-connected hearing loss in the other ear, the hearing in the ear having non-service-connected loss should be considered normal for purposes of computing the service-connected disability rating, unless the claimant is totally deaf in both ears.

VA Gen. Coun. Prec. 32–97 (August 29, 1997) [hereinafter G.C. Prec. 32–97]; *see* R. at 8; 38 C.F.R. § 3.383(a)(3).

Although the Secretary's motion for summary affirmance relies significantly upon G.C. Prec. 32–97, the Court notes that G.C. Prec. 32–97 had not yet been issued at the time of the Board decision on appeal. The Court further notes, however, that the applicability of *Karnas v. Derwinski,* 1 Vet.App. 308 (1991) (where law changes before claims process concludes, the version most favorable will apply), is not at issue because there is no indication in the record that G.C. Prec. 32–97 represents a change in the Secretary's interpretation of the applicable statute and regulation. In fact, the BVA decision before us, although not precedential, suggests the contrary. Furthermore, the Court notes that the Secretary's position in the BVA decision and G.C. Prec. 32–97 is essentially the same as the position he took before the Court in the past in cases involving the parallel provisions on vision loss in a non-service-connected eye, although in those cases the Court did not reach the validity of his position. *See also Villano v. Brown,* 10 Vet.App. 248, 250 (1997); *Bagwell v. Brown,* 9 Vet.App. 337, 339 (1996). Therefore, the Court will now address the validity of the Secretary's interpretation of 38 C.F.R. § 3.383 as expressed in the BVA decision and in G.C. Prec. 32–97.

■ As it is clear from a comparison of the two provisions that 38 C.F.R. § 3.383 is merely a rephrasing of 38 U.S.C. § 1160(a), rather than the exercise of discretionary rule-making authority, *cf. In Matter of Fee Agreement of Stanley,* 10 Vet.App. 104, 106 (1997) ("When Congress creates room for agency interpretation or expressly delegates policy[-]making authority to the Secretary, the scope of judicial review is limited."), G.C. Prec. 32–97 is essentially an interpretation of 38 U.S.C. § 1160(a) by the Secretary. The standard for reviewing the Secretary's interpretation of a statute is defined in our case law.

The Supreme Court has held that an interpretation of a statute by the administrative agency charged with administering it is entitled to deference to the extent that the administrative construction, whether

reached by adjudication or by rulemaking, is not inconsistent with the statutory mandate and does not frustrate the policy that Congress sought to implement. *Fed. Election Comm'n v. Democratic Senatorial Campaign Committee*, 454 U.S. 27, 31–32, 102 S.Ct. 38, 70 L.Ed.2d 23 (1981). In determining whether the BVA's interpretation is inconsistent with the statutory mandate, the Court must inquire into whether the Secretary's construction is " 'sufficiently reasonable' " to be accepted by a reviewing court. *Id.* at 39, 102 S.Ct. 38, citing *Train v. Natural Resources Defense Council*, 421 U.S. 60, 75, 95 S.Ct. 1470, 43 L.Ed.2d 731 (1975); *Zenith Radio Corp. v. United States*, 437 U.S. 443, 450, 98 S.Ct. 2441, 57 L.Ed.2d 337 (1978).

*Hermogenes v. Brown*, 9 Vet.App. 75, 78 (1996).

 The basic purpose of the compensation provisions of title 38 is to recompense veterans for conditions that are a result of their service. *See* 38 U.S.C. § 1110 ("For disability resulting from personal injury suffered or disease contracted in line of duty ... during a period of war, the United States will pay to any veteran thus disabled ... compensation as provided in this subchapter...."); 38 U.S.C. § 1131 ("For disability resulting from personal injury suffered or disease contracted in line of duty ... during other than a period of war, the United States will pay to any veteran thus disabled ... compensation as provided in this subchapter...."); 38 U.S.C. § 101(16) (defining "service-connected" as applying to a "disability [that] was incurred or aggravated ... in [the] line of duty in the active military, naval, or air service"); 38 C.F.R. § 4.14 (1997) (in evaluating disabilities "the use of manifestations not resulting from service-connected disease or injury in establishing the service-connected evaluation ... [is] to be avoided"). Section 1160(a), title 38, United States Code, provides a clear exception to this policy of compensating only those conditions that were incurred or aggravated in service. The essence of the Secretary's interpretation is that by providing an exception explicitly based upon total deafness in both ears, Congress clearly considered and rejected the idea of providing a broader exception to the general policy of not providing compensation for conditions not related to service. *See* G.C. Prec. 32–97 at 4 (the inclusion of the qualifier "total" necessarily excludes compensation for lesser degrees of non-service-connected hearing loss); *cf. Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 517, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992) ("Congress' enactment of a provision defining the pre-emptive reach of a statute implies that matters beyond that reach are not pre-empted"). Section 4.85, title 38, Code of Federal Regulations, which generally governs rating of hearing loss, based upon a sliding scale of loss in each ear, does not mandate any consideration as to how non-service-connected loss is to be treated. Thus, in sum, the Court cannot say that the Secretary's explicit interpretation of 38 U.S.C. § 1160(a) and 38 C.F.R. § 3.383 and implicit interpretation of 38 C.F.R. § 4.85 is inconsistent with the mandate of 38 U.S.C. § 1160(a) or frustrates the purpose of either title 38 or 38 U.S.C. § 1160(a). Hence, the Court concludes that it is sufficiently reasonable as required by *Hermogenes*. Because the evidence of record does not show that the appellant is *totally* deaf in both ears, the Court concludes that it was not error for the Board not to consider the appellant's right-ear hearing loss when rating his left-ear hearing loss, and that the Board's holding that the appellant's hearing loss is not compensable is not clearly erroneous. *See Smallwood v. Brown*, 10 Vet.App. 93, 97 (1997); *Lovelace v. Derwinski*, 1 Vet.App. 73, 74 (1990).

### III. CONCLUSION

Upon consideration of the above, the Court holds that the appellant has not demonstrated that the BVA committed either factual or legal error that requires reversal or remand. *See* 38 U.S.C. §§ 5107, 7104(d), 7261; *Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53, 56–57 (1990). The June 30, 1997, BVA decision is AFFIRMED.