**Gerald BOYER, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 97–1194.**

United States Court of Veterans Appeals.

Jan. 27, 1999.

Daniel D. Wedemeyer and Lee Harrison (non-attorney practitioner) were on the pleadings for the appellant.

John H. Thompsan, Acting General Counsel; Ron Garvin, Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Michelle R. Katina were on the pleadings for the appellee.

Before KRAMER, IVERS, and GREENE, Judges.

KRAMER, Judge:

On October 8, 1998, the Court issued an opinion affirming the Board of Veterans' Appeals (BVA or Board) decision in this case. On October 27, 1998, counsel for the appellant entered his appearance for the formerly pro se appellant and filed, on behalf of the appellant, a timely motion for reconsideration raising arguments against the Court's decision that merit consideration. Accordingly, the appellant's motion is granted. Upon consideration of the arguments raised by the appellant, the Court holds that its original decision remains valid and controlling and will not be withdrawn. *See Boyer v. West,* 11 Vet.App. 477 (1998). Hence, Part I of this opinion incorporates the analysis from the original opinion, and Part II of this opinion addresses additional arguments raised upon reconsideration.

## I. OUR ORIGINAL OPINION

The relevant facts and law are addressed in the Court's prior opinion and will be only briefly summarized here. The appellant has hearing loss in both ears but is not totally deaf in both ears. Hearing loss in only one of his ears is service connected. Section 1160(a), title 38 United States Code and 38 C.F.R. § 3.383 (1998) provide, inter alia, that non-service-connected hearing loss will be treated as service connected if the appellant is totally deaf in both ears. The Secretary in VA Gen. Coun. Prec. 32–97 (August 29, 1997) [hereinafter G.C. Prec. 32–97] has interpreted these provisions so as to treat non-service-connected hearing loss as normal hearing unless the veteran is totally deaf in both ears. In our original opinion, we sustained the Secretary's interpretation and held that

the appellant's non-service-connected hearing loss was not ratable. *See Boyer,* 11 Vet.App. at 480 (Secretary's interpretation of section 1160(a) "is not inconsistent with the statutory mandate and does not frustrate the policy Congress sought to implement." *Hermogenes v. Brown,* 9 Vet.App. 75, 78 (1996)).

## II. ARGUMENTS UPON RECONSIDERATION

The appellant's counsel makes numerous arguments in his motion for reconsideration. The Court will address each of them in turn.

### A. Arguments Based Upon The Statutes

■ The appellant argues, in essence, that contrary to the Secretary's interpretation in G.C. Prec. 32–97 and pursuant to 38 U.S.C. §§ 1155 and 1160, the disability arising from the appellant's non-service-connected hearing loss should be a part of the rating provided for the disability attributable to the appellant's service-connected hearing loss. As *Hermogenes* makes clear, the Court should give deference to the Secretary's interpretation of the statute. Even assuming *Hermogenes* does not require such deference, the plain meaning of the relevant statutory sections defeats the appellant's arguments. *See Gardner v. Brown,* 5 F.3d 1456, 1458 (Fed. Cir.1993) ("starting point in interpreting a statute is its language, for if the intent of Congress is clear, that is the end of the matter" (internal quotation marks omitted)), *aff'd,* 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994). Section 1160 authorizes compensation only for total deafness in both ears, which is not the case here. Section 1155 authorizes only a schedule of ratings to reflect reductions in earning capacity. Although section 1155 is silent as to whether these reductions must be predicated upon service-connected conditions, it is positioned in chapter 11, which deals with disability compensation. Entitlement to compensation under chapter 11 is governed by 38 U.S.C. §§ 1110 and 1131 which authorize compensation only for service-connected disabilities. Although the hearing loss in the non-service-connected ear may very well contribute to the loss of earning capacity experienced by the appellant, because that condition is not service connected, compensation is precluded by sections 1110 and 1131. To the extent that the appellant argues that his service-connected hearing loss has sustained an increase in disability because of his non-service-connected hearing loss, the Court disagrees. Although his overall disability may be worse, the disability attributable to the service-connected hearing loss is predicated only on that loss. For example, if two people were to have the same service-connected disability and one of them were to have an additional non-service-connected disability and thus were to receive more compensation, that person would clearly be receiving compensation for the non-service-connected disability.

### B. Arguments Based Upon The Regulations

■ First, the appellant argues that 38 C.F.R. § 4.85 (1998), which describes how to use the hearing loss charts does not include any special provision for considering as normal the hearing in an ear that suffers from non-service-connected hearing loss, nor does the relevant portion of VA's Adjudication Procedure Manual M21–1 [hereinafter Manual M21–1], Part VI, ¶ 11.09 (Aug. 26, 1996). He concludes that a plain reading of these provisions suggests that hearing loss in both ears must be considered, and VA is not free to ignore its own regulations. However, "an agency's interpretation of its own regulation is 'of controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" *Ramey v. Gober,* 120 F.3d 1239 (Fed. Cir.1997) (quoting *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945)), *cert. denied,* —— U.S. ——, 118 S.Ct. 1171, 140 L.Ed.2d 181 (1998). While the appellant's interpretation based only on the regulation is plausible, the Secretary's interpretation, as outlined in G.C. Prec. 32–97 and as discussed in the Court's original opinion, is also reasonable. More importantly, even if the Court were to assume that the Secretary intended to compensate for non-service-connected hearing loss beyond that provided by section 1160, in the absence of a statutory provision authorizing such compensation and given the limitation imposed by sections 1110 and 1131 restricting compensation to service-connected condi-

tions, such a regulation would be invalid as exceeding the scope of the statute. *See* 38 U.S.C. § 7261(a)(3), (a)(3)(C) (granting Court power to hold unlawful "regulations issued or adopted ... in excess of statutory jurisdiction, authority, or limitations"); *Cole v. Derwinski,* 2 Vet.App. 400, 401–02 (1992) (regulations in excess of statutory authority are void).

Second, the appellant argues that G.C. Prec. 32–97 is flawed because the anti-pyramiding rules of 38 C.F.R. §§ 3.323(a) and 4.14 (1998) were not meant to apply to paired organs and those provisions are not inconsistent with the appellant's position. *Cf.* 38 U.S.C. § 1157 (authorizing Secretary to provide for combined ratings of disabilities). Again, no regulation could authorize that which is not permitted by statute. Moreover, these regulations do not in any way purport to authorize compensation for non-service-connected hearing loss, nor does the appellant cite any authority that they do. In this regard the Court notes that § 3.323(b) permits combining service-connected and non-service-connected disabilities, not in cases of compensation, but only in cases of pension claims. Lastly, as noted above, the Secretary's interpretation of these regulations is generally binding upon the Court. *See Ramey, supra.*

C. Arguments Based Upon Our Case Law

■ First, the appellant argues that the hearing loss in the non-service-connected ear must be considered under *Allen v. Brown,* 7 Vet.App. 439 (1995) (en banc), and its interpretation of 38 U.S.C. § 1110 and 38 C.F.R. § 3.310(a) (1998). The appellant suggests that the *disability* (rather than the condition) is proximately caused by the service-connected hearing loss, and, therefore, is compensable on a secondary basis under *Allen.* However, *Allen* indicates only that where a service-connected injury causes an increase in disability to a non-service-connected condition, such an increase is to be treated as if service connected. *See* 7 Vet. App. at 446–49. As the Court pointed out in Part II.A., here the service-connected ear has not increased the disability in the non-service-connected ear. Although it may have made the appellant's total disability worse, it simply has not made the hearing worse in the non-service-connected ear.

Second, the appellant argues that the Court's dicta in *Villano v. Brown,* 10 Vet. App. 248 (1997), and *Bagwell v. Brown,* 9 Vet.App. 337 (1996), negate the Secretary's argument that the anti-pyramiding provisions in 38 C.F.R. § 4.14 (1998) weigh against the appellant's position. Although it is true that § 4.14 constrains only the rating of a single symptom under multiple diagnostic codes, not the case here, defeating the Secretary's argument is not a basis for providing the appellant relief. Even if the relevant language in these opinions was not the dicta that the appellant acknowledges it to be, nothing in § 4.14 authorizes compensation for non-total, non-service-connected hearing loss, nor could it. *See* 38 U.S.C. §§ 1110, 1131.

D. Argument Based Upon Manual M21–1

Finally, the appellant argues that the special monthly compensation examples in Manual M21–1, Part VI, ¶ 8.08(b)-(e) (Aug. 12, 1996), refer to situations where the veteran is rated above 10% with only one ear service-connected. Therefore, it must be possible to get a rating higher than 10%, which can occur only if the hearing loss in the non-service-connected ear is considered. Although the Court notes that the Manual M21–1 example is curious, the Court also notes that it is technically possible, through an extraschedular rating, for a veteran to be rated above 10% for hearing loss with only a single service-connected ear. Thus, the example used does not necessarily suggest the availability of a schedular rating above 10% for a single service-connected ear. Furthermore, these examples were meant to demonstrate the application of the special monthly compensation provisions, not the hearing loss provisions. Finally, as indicated in Parts II.A. and II.B., to the extent that any Manual M21–1 provision might attempt to authorize a rating for non-service-connected hearing short of total deafness in both ears, such a provision would be inconsistent with the framework of the 38 U.S.C. §§ 1110 and 1131 and would be unlawful.

### E. The Rating Schedule

The Court is not unsympathetic to the fact that, no matter how severe the hearing loss the appellant may suffer from a single service-connected ear, short of total deafness in both ears, the maximum schedular rating for such loss is 10%. *See* 38 C.F.R. § 4.87, Table VII (1998). Although the Court recognizes that in certain situations this may appear to be deficient, "[t]he Court may not review the schedule of ratings for disabilities adopted under section 1155...." 38 U.S.C. § 7252(b). Any remedy for such a deficiency, therefore, must be obtained through statutory or regulatory change rather than through judicial relief.

## III. CONCLUSION

The appellant's motion for reconsideration is GRANTED. Upon consideration of the above, the Court holds that the arguments of the appellant's new counsel do not demonstrated that the BVA committed either factual or legal error that requires reversal or remand. *See* 38 U.S.C. §§ 5107, 7104(d), 7261; *Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53, 56–57 (1990). The June 30, 1997, BVA decision is AFFIRMED.