BRYSON, Circuit Judge,
dissenting.
Because I do not agree with the court that the 1983 Board of Veterans’ Appeals decision denying compensation for Mr. Reeves’s hearing loss contained clear and unmistakable error, I respectfully dissent.[1]
The court concludes that the Board in 1983 committed clear and unmistakable error because it improperly failed to apply the predecessor of 38 U.S.C. § 1154(b) to Mr. Reeves’s claim of in-service injury. I disagree. Section 1154(b) eases the requirements for a combat veteran to prove *1361 an in-service injury, but it does not alter the separate requirement that the veteran establish a nexus between his in-service injury and his current disability. Because the Board based its 1983 decision on the lack of proof of nexus, rather than the absence of evidence of inservice injury, section 1154(b) had no application to the Board’s decision, and the Board’s failure to apply section 1154(b) therefore did not constitute clear and unmistakable error.
To establish entitlement to compensation for a present disability, a veteran must demonstrate: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service.” Shedden v. Principi, 381 F.3d 1163, 1167 (Fed.Cir.2004). The third element is the so-called “nexus requirement.” Fagan v. Shinseki, 573 F.3d 1282, 1286 (Fed.Cir. 2009).
Section 1154(b) can assist the veteran in satisfying the second prong of the test— that his or her initial injury was indeed incurred in service — “by liberalizing the methods of proof allowed.” Jensen v. Brown, 19 F.3d 1413, 1417 (Fed.Cir.1994). For veterans who “engaged in combat with the enemy in active service” with the U.S. military, the statute directs the DVA to
accept as sufficient proof of service-connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease ... notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the veteran.
38 U.S.C. § 1154(b) (emphasis added).
The statute addresses the manner in which a veteran may prove that he incurred an injury or disease during service. It does not address the question whether that injury or disease is causally related to the veteran’s current disability. As both this court and the Court of Appeals for Veterans Claims have repeatedly held, section 1154(b) does not serve to show nexus, i.e., a causal relationship between an in-service injury and a subsequently diagnosed disability. Davidson v. Shinseki, 581 F.3d 1313, 1315 (Fed.Cir.2009) (“[Section] 1154(b) could be used only to show that [veteran] incurred or aggravated a disease during service.”); Boyer v. West, 11 Vet.App. 477, 478 (1998) (explaining that “section 1154(b) does not relieve the appellant of his obligation to submit competent medical evidence of a nexus between his present hearing loss and his military service” and that lay testimony “cannot provide such medical evidence because lay persons are not competent to offer medical opinions”), aff'd, 210 F.3d 1351 (Fed.Cir.2000); Caluza v. Brown, 7 Vet.App. 498, 507 (1995) (“Section 1154(b) deals with the question whether a particular disease or injury was incurred or aggravated in service ... not the questions of either current disability or nexus to service....”), aff'd, 78 F.3d 604 (Fed.Cir.1996) (table).
Here the Board had no need to rely on section 1154(b) and did not do so. It found that Mr. Reeves had established that his initial injury was incurred in service. In fact, it is undisputed that Mr. Reeves was exposed to loud noises as a mortar-man during World War II and that he received a type of malaria medication that can cause a temporary loss of hearing. The Board concluded, however, that Mr. Reeves had failed to show that the injury he incurred in service caused the bilateral nerve-type hearing loss from which he was suffering in 1983. That is a factual deter *1362 mination based on the Board’s assessment of the evidence before it. It does not represent a legal error consisting of an erroneous failure to apply section 1154(b).
The majority contends that the Board was required to apply section 1154(b) not only to the issue of in-service injury, but also to the issue of whether Mr. Reeves “suffered permanent hearing loss while on active duty.” That analysis, however, conflates the separate requirements to show in-service injury and to show nexus with a current disability. The injury that Mr. Reeves incurred was acoustic trauma, which may or may not lead to permanent hearing loss, as the majority acknowledges. Mr. Reeves was required to show a nexus between his injury and the disability of permanent hearing loss, which the Board in 1983 found he failed to do. Section 1154(b) does not provide that proof of nexus. Davidson, 581 F.3d at 1315-16 (section 1154(b) “concerns only whether a disease was incurred or aggravated in service — not whether the disease was the principal or a contributory cause” of the disability); see also Leonhardt v. Shinseki, 463 Fed.Appx. 942, 946 (Fed.Cir.2012) (nonprecedential) (“Simply put, section 1154(b) is directed to the issue of ‘what happened then’ — whether a veteran incurred an injury or disease while on active duty — not to the question of whether a current disability was caused by an earlier in-service injury or disease.”); Dalton v. Nicholson, 21 Vet.App. 23, 37 (2007) (section 1154(b) “does not alter the fundamental requirements of a current disability or a medical nexus to service”); Clyburn v. West, 12 Vet.App. 296, 303 (1999) (“the provisions of section 1154(b) do not provide a substitute for medical-nexus evidence”).[2]
The Board’s 2008 decision that is on review in this case makes that distinction clear. The Board explained that in its 1983 decision, it had determined that the evidence showed that Mr. Reeves had “incurred acoustic trauma and had received treatment for malaria in service,” but that the evidence “did not establish a medical relationship between events in service and the currently diagnosed hearing loss.” Addressing section 1154(b) and its implementing regulation, the Board in 2008 stated that “the combat presumption is operative only as to the matter of in-service disease or injury. There must still be shown a relationship between acoustic trauma in service and later-diagnosed hearing loss. The combat presumption in no way serves to presumptively fill that gap.”
Based on Mr. Reeves’s submission of new evidence years later, the DVA concluded that his permanent hearing loss was in fact caused by his in-service injury, and the DVA awarded him disability compensation beginning at that time. However, the fact that the DVA subsequently found Mr. Reeves’s disability to have been caused by in-service events, based on a more complete evidentiary showing, does not mean that the Board’s earlier decision in 1983 was incorrect in light of the evidence before the Board at that time or that it was the product of legal error. I therefore agree with the Board and the Veterans Court that the 1983 Board deci *1363 sion did not contain clear and unmistakable error.

. The court holds that the appellant, Mr. Reeves’s widow, has standing to prosecute this appeal because she is entitled to the accrued benefits that were due to Mr. Reeves at the time of his death. For some reason, which was not adequately explained, Mrs. Reeves did not follow the DVA's procedures for establishing her right to prosecute an accrued benefits claim such as this one. However, the government does not dispute that she is the person who would be entitled to receive any accrued benefits due to Mr. Reeves. For that reason, I see no purpose to be served by denying her the right to seek benefits because of her failure to comply with the DVA’s prescribed procedures, and I do not dissent from the court’s decision on that ground.

. There are instances in which proof of in-service incurrence of an injury may suffice by itself to satisfy the other requirements for compensation. If a servicemember loses a leg in service, for example, proof of the in-service injury would effectively establish both the subsequent disability and the nexus between the disability and the in-service injury. In a case such as this one, however, the proof of nexus is not as clear. Where, as here, the veteran’s in-service injury did not necessarily give rise to the disability — in this case, permanent hearing loss — the proof of in-service injury through section 1154(b) does not by itself establish the required nexus between the injury and the later disability.