NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

07-7104

DAVID O. KEEL,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

David O. Keel, of Hyrum, Utah, pro se.

David Hibey, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Ethan G. Kalett, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

07-7104

DAVID O. KEEL,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

———————————————

DECIDED: July 12, 2007

———————————————

Before MICHEL, Chief Judge, LOURIE, Circuit Judge, and ROBERTSON, District Judge.[*]

PER CURIAM.

David O. Keel appeals from an order of the United States Court of Appeals for Veterans Claims (the "Veterans Court") affirming the decision of the Board of Veterans' Appeals (the "Board") that denied his claims to reopen previously denied claims for service-connected disability compensation and denied his new claims for service-connected disability compensation. Keel v. Nicholson, No. 04-1613 (Vet. App. Sept. 19, 2006). Because Keel only challenges factual determinations on appeal, we dismiss for lack of jurisdiction.

_____

[*] Honorable James Robertson, District Judge, United States District Court for the District of Columbia, sitting by designation.

BACKGROUND

Keel served on active duty in the United States Army from May to December 1980. In 1981, he filed several claims for service-connected disability compensation for various conditions such as a hip injury, a back injury, and a broken nose. In December 1981, the VA Regional Office ("RO") denied service-connected disability compensation for those conditions. In 1998, Keel sought to reopen his claims, but the RO denied his request. In 2001 and 2002, Keel again attempted to reopen his previously denied claims and also filed new claims for service-connected disability compensation. The RO denied all the claims.

On August 27, 2004, the Board denied his attempts to reopen the previously denied claims and denied his new claims. The Board also addressed Keel's contention that certain post-service VA medical records existed, but that the VA had not obtained them. The Board observed that while those records reflect treatment for a seizure that Keel suffered, Keel had already admitted that he suffered a head injury post-service. Because Keel did not allege that a head injury or seizure occurred during service, the Board noted that any records pertaining to a post-service head injury would be irrelevant to a claim for a service-connected disability. In any event, the Board noted that the VA records were requested and obtained.

On September 16, 2006, the Veterans Court affirmed the decision of the Board. The Veterans Court rejected Keel's argument that he was discharged from service in 1986 and concluded that the record established that he was discharged in December 1980. The court therefore determined that Keel was only entitled to service-connected disability compensation for conditions incurred during his period of active duty through

1980. The Veterans Court also considered and denied two procedural motions, including Keel's motion to strike the VA's citation to his DD Form 214, a form that states that he was discharged in 1980 under honorable conditions, and his motion to supplement the record with a letter dated subsequent to the Board's decision.

Keel timely appealed, and we have jurisdiction, if at all, pursuant to 38 U.S.C. § 7292(a).

DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. 38 U.S.C. § 7292. Under § 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. 7292(a). Unless there is a constitutional issue presented, we may not review challenges to factual determinations or to applications of law to facts. 38 U.S.C. 7292(d)(2).

On appeal, Keel first states that the Veterans Court decision involved the validity or interpretation of "Rule 35, 36," although he does not provide further detail. Keel also takes issue with the facts in DD Form 214, which states that he was honorably discharged in December 1980, and argues that he was only released from active duty, not discharged. Keel further argues that he was discharged in January 1986, not 1980, as the Board and the Veterans Court determined. Keel also contends that his medical records remained in Boise and that the VA knew of these records but refused to consider them or turn them over to the Board.

The government responds that Keel is challenging factual determinations, which this court lacks jurisdiction to review. The government states that Keel's reference to Rules 35 and 36 most likely refers to the Veterans Court's Rules of Practice and Procedure ("P&P"), and that with regard to P&P Rule 36, which pertains to entry of a judgment, there is no indication that the Veterans Court should not have entered judgment. The government further responds that the Board correctly determined that Keel was honorably discharged in 1980 and thus correctly denied Keel's motion to strike any reference to his DD Form 214, which stated that he was honorably discharged then and which the VA relied on to describe the nature of Keel's service. Moreover, to the extent that Keel is challenging a procedural ruling, the government notes that such a review is beyond the scope of this court's jurisdiction. The government finally responds that Keel's other arguments relate to challenges to factual findings, and those challenges are also beyond this court's jurisdiction.

We agree with the government and conclude that we lack jurisdiction to decide this appeal. As stated above, under 38 U.S.C. § 7292(d)(2), this court may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. When asked in the informal brief form whether the decision of the Veterans Court involved the validity or interpretation of a statute or regulation, Keel checked the "yes" box and wrote "Rules 35, 36." In the judgment form, the court stated that it "has issued a decision in this case, and has acted on a motion under Rule 35 of the Court's Rules of Practice and Procedure. Under Rule 36, judgment is entered on this date." P&P Rule 35 is entitled "Motions for Reconsideration, or for a Decision by a Panel or by the Full Court," and P&P Rule 36 is entitled "Entry of

Judgment." It appears that, having seen Rules 35 and 36 mentioned in the judgment form, Keel's statement that he is challenging "Rules 35, 36" means he is generally contesting the decision of the Veterans Court, rather than the court's interpretation of a particular statute or regulation. Thus, we do not find that Keel's appeal involves a challenge to the court's interpretation of a statute or regulation.

Keel specifically challenges the contents of DD Form 214 including whether he was in fact "honorably discharged" and whether that occurred in 1980. Those are factual determinations that we lack the power to review. Keel further argues that medical records existed but were not obtained by the VA. He also alleges that the VA tampered with those records. Those arguments also involve challenges to factual matters that we cannot review. Because Keel only challenges the Board's factual determinations and we lack jurisdiction to review them, his appeal is <u>dismissed</u>.