NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOUGLAS H. JOHNSON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7123

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-0673, Judge William A. Moorman.

---

Decided: October 7, 2011

---

DOUGLAS JOHNSON, of Medon, Tennessee, pro se.

DANIEL B. VOLK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director. Of counsel on the

brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and TRACEY P. WARREN, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

––––––––––––––––––––

Before NEWMAN, MAYER, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Douglas H. Johnson, pro se, appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a Board of Veteran's Appeals ("Board") decision that denied Mr. Johnson's claim for service-connected benefits for a back condition. Because Mr. Johnson challenges only the Board's factual finding that his back condition was not connected to his military service, he does not raise an issue within our jurisdiction. Accordingly, we *dismiss* this appeal for lack of jurisdiction.

## BACKGROUND

Mr. Johnson served in the United States Army from 1978 to 1985. Following separation from service, Mr. Johnson submitted an application for compensation for low back pain, a condition for which he received treatment during his military service. Mr. Johnson attributed his back pain to moving desks during his service. In connection with his claim, he underwent a VA examination in which the examiner found that Mr. Johnson's back was normal, a finding that was confirmed by x-rays. In an April 1986 decision, the VA regional office ("RO") denied Mr. Johnson's claim for lack of a currently diagnosed disability, a decision that Mr. Johnson did not appeal. A subsequent VA examination in March 1992 also did not result in a diagnosis of a back condition.

Mr. Johnson's first diagnosis for a back condition occurred during a May 2001 VA examination in which the examiner diagnosed Mr. Johnson with a low back strain. At his examination, Mr. Johnson reported that his back pain was due to sit-ups during his military service, but he also said that his work as a floor cleaner caused pain in his back. A June 2002 MRI at a VA medical center led to a diagnosis of degenerative disc disease ("DDD") with a small herniation on the left side.

In October 2004, Mr. Johnson requested that the VA reopen his claim based on new and material evidence. In a February 2005 decision, the RO found that new and material evidence warranted reopening the claim, but denied the claim on the merits. Mr. Johnson filed a timely notice of disagreement.

Among the new evidence Mr. Johnson submitted on appeal to the Board was a July 2006 letter from a private physician stating that Mr. Johnson's DDD and disc herniation were the result of an injury Mr. Johnson experienced while on active military duty. The Board concluded that Mr. Johnson presented new and material evidence sufficient to reopen his claim, and then proceeded to address the merits of his claim.

As to the merits, the Board found that Mr. Johnson established that he had a current disability based on his diagnosis of DDD, as well as a June 2008 VA examination diagnosing him with spondylosis of the lumbosacral spine. The Board also found that Mr. Johnson's separation examination, in which the examiner noted mild left paravertebral tenderness to palpation, showed that Mr. Johnson "experienced an injury or event during his military service to which his current disability might be related." Appendix ("A") 17.

The Board concluded, however, that there was insuffi-

cient evidence to demonstrate a nexus between Mr. Johnson's disability and his military service. In reaching its decision, the Board focused on: (1) the fact that Mr. Johnson is not qualified to opine on the etiology of his disability; (2) a finding that Mr. Johnson's recollections are unreliable given that he attributed his pain at various times to several different incidents in service, none of which were documented in service treatment records; (3) several long gaps in Mr. Johnson's medical records during which he did not seek treatment for back pain, viewing those gaps as negative evidence tending to disprove that his injury had its onset during service; and (4) a July 2008 VA examination report in which the examiner opined that it was "less likely than not" that Mr. Johnson's in-service back strain caused his current back problems. A 21. The Board found that the 2008 VA examination report was more probative and more persuasive than the July 2006 letter from Mr. Johnson's private physician, in large part because the July 2006 physician letter was "conclusory, with no evidence to support his opinion." A 21.

On appeal to the Veterans Court, Mr. Johnson argued that the Board erred by: (1) relying on the July 2008 VA examination because the examiner did not provide a rationale for his opinion; and (2) failing to provide adequate reasons or bases for assigning greater weight to the 2008 VA examination than the 2006 private physician opinion. [1] The Veterans Court rejected these arguments,

---

[1] Mr. Johnson, who was represented by counsel before the Veterans Court, did not challenge the Board's decision to address the merits of his claim in the same decision in which it reopened it, as opposed to remanding the claim to the RO to consider any new evidence in the first instance. The Veterans Court found that any procedural argument on those grounds had been waived. Mr. Johnson likewise does not challenge the procedure the Board used in this appeal, and we do not address it.

noting first that they relate to factual findings and weighing of evidence, which are within the Board's province. The Veterans Court concluded that the Board's factual findings as to the adequacy of the 2008 examination report were not clearly erroneous, and that the Board provided a sufficient statement of reasons or bases for giving greater weight to the 2008 examination report than the 2006 private physician letter. Accordingly, the Veterans Court affirmed the Board's decision. Mr. Johnson filed a timely notice of appeal.

## DISCUSSION

Our review of Veterans Court decisions is limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Unless the appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). We review legal determinations by the Veterans Court under a *de novo* standard. *See Arzio v. Shinseki*, 602 F.3d 1343, 1345 (Fed. Cir. 2010).

On appeal, Mr. Johnson reiterates his position that his current back condition resulted from an injury he suffered during military service. He states that his injury first occurred when he was performing physical training in the military, and that it progressed into a chronic condition. He contends that early tests did not reveal his condition because only a more advanced MRI test could detect his injury. Finally, he states that "[t]he Physicians in the Family Practice Clinic may not have had a trained eye for this type of injury. Perhaps if I would have seen

an Orthopedic Specialist there would have been a different outcome upon examination of my back." Appellant's June 4, 2011 Letter, Attached to Informal Brief. In response, the government argues that Mr. Johnson's appeal raises only factual issues outside of this court's jurisdiction, and argues that we must dismiss this appeal. We agree with the government.

As stated above, this court cannot review challenges to factual determinations or applications of law to fact. *See* 38 U.S.C. § 7292(d)(2). Mr. Johnson effectively asks this court to reconsider the evidence and his medical history to conclude that there is a nexus between his back condition and his military service. That is a quintessential factual determination that we are without jurisdiction to make. *See Maxson v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (finding that the weighing of a veteran's "entire medical history, including the lengthy period of absence of complaint directed to the condition he now raises . . . is not within our appellate jurisdiction"). To the extent Mr. Johnson continues to challenge the Board's decision to give more weight to the 2008 VA medical examination than the 2006 private physician opinion, that is also a challenge that we lack jurisdiction to consider. *See Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder. We lack jurisdiction to review these determinations.").

Finally, it is unclear to what Mr. Johnson is referring when he states that his condition would have been detected earlier if an orthopedic specialist had examined him instead of the "Family Practice Clinic." If he is arguing that the VA did not comply with its duty to assist under 38 U.S.C. § 5013A because it did not provide a competent physician for an examination, we find no merit

to that argument. Even putting aside that Mr. Johnson did not make this argument to the Veterans Court, VA examiners are presumed to be competent absent evidence to the contrary, and Mr. Johnson does not raise any challenge to the competence of the examiner in this case. *See Rizzo v. Shinseki*, 580 F.3d 1288, 1290–91 (Fed. Cir. 2009) ("[T]he VA need not affirmatively establish [an] expert's competency" absent a challenge to the expert's competence or qualifications); *Cox v. Nicholson*, 20 Vet. App. 563, 569 (2007) ("[T]he Board is entitled to assume the competence of a VA examiner." (citation omitted)). Accepting Mr. Johnson's argument would not change the outcome of this case, however, because the issue is not the timing or existence of a diagnosis of a back condition, but whether there is a nexus between Mr. Johnson's back condition and his military service.

Accordingly, we find that Mr. Johnson does not raise any arguments that are within our jurisdiction to review, and we must dismiss this appeal.

CONCLUSION

For the reasons stated above, this appeal is *dismissed*.

**DISMISSED**

COSTS

Each party shall bear its own costs.