NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT L. LEONHARDT,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7095

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-1668, Judge Robert N. Davis.

---

Decided: February 21, 2012

---

VIRGINIA A. GIRARD-BRADY, ABS Legal Advocates, P.A., of Lawrence, Kansas, for claimant-appellant.

MICHELLE R. MILBERG, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, and MARTIN F.

HOCKEY, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and MICHAEL G. DAUGHERTY, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before PROST, MAYER, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Robert L. Leonhardt appeals from a final judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his application for an earlier effective date for an award of service-connected benefits for a back disability. *See Leonhardt v. Shinseki*, 2010 U.S. App. Vet. Claims LEXIS 2426 (Vet. App. Dec. 22, 2010) ("*Veterans Court Decision*"). We *affirm*.

## BACKGROUND

Leonhardt served in the United States Army from November 1952 until August 1954. The medical examination conducted prior to Leonhardt's induction into the military did not indicate that he suffered from any back disorders. In December 1952, Leonhardt sought treatment for "[b]ack aches," and stated that he had fallen off of a tractor prior to his induction into service. An X-ray of his spine taken at the time showed no abnormalities. The medical examination conducted when Leonhardt left the Army in 1954 likewise found his spine to be normal and noted that he had not suffered any severe illness or injury during service.

In 1960, Leonhardt filed a claim seeking service-connected benefits for a back disability. In support of his claim, Leonhardt stated that he had suffered a back injury while serving in Korea and that he had been hospitalized in South Korea as a result of this injury. Leon-

hardt also submitted a letter from his mother, who alleged that he had written to her from a station hospital in Korea to inform her that he had hurt his back.

In November 1960, Leonhardt underwent a Veterans Administration ("VA") medical examination. The medical examiner noted that Leonhardt gave "a history of straining his back while he was in the service while lifting." The examiner diagnosed Leonhardt with "[l]umbosacral strain, chronic, mild at this time."

In a January 1961 rating decision, a VA regional office ("RO") denied Leonhardt's claim seeking disability benefits for lumbosacral strain. The RO concluded that Leonhardt's back disability was neither incurred in, nor aggravated by, service stating that:

> [Leonhardt's] physical exam at induction was negative [for back problems]. On one occasion during service [Leonhardt] complained of back ache and at that time gave [a] history of an injury prior to service. There were no findings and no treatment was found to be necessary. Physical exam at time of discharge was negative. The record contains a statement from [Leonhardt's] mother to the effect that he wrote her from a station hospital in Korea telling her that he had hurt his back. At time of exam[,] he gave [a] history of straining his back while in service and claims that he is now in pain . . . . Exam of the lower back revealed contour to be normal and only mild soreness in the left paravertebral lumbar muscles with no spasm and no restriction of range of motion. An X-ray of the lumbosacral spine was negative.

In March 2003, however, the RO reopened Leonhardt's claim. The RO noted that during a recent VA

medical examination Leonhardt had been diagnosed with "[l]umbar intervertebral degenerative disease with right radiculopathy." The VA medical examiner further noted that Leonhardt had reported that he had an accident in Korea in the spring of 1953 "when a bunker fell on him" and that he "had to be medically evacuated to a field hospital and spent some period of time there before being able to return to active duty." The examiner stated that he was "confident" that Leonhardt's current back disability was "due to aggravation while on active duty." The VA thereafter granted Leonhardt disability benefits for his back condition, with an effective date of May 28, 2002, the date he filed his application to reopen his claim.

In May 2003, Leonhardt filed a claim for an earlier effective date, arguing that the VA's 1961 rating determination contained clear and unmistakable error ("CUE"). The board, however, rejected this contention, explaining that "CUE is a very specific and rare kind of 'error'" and that a disagreement with the RO's evaluation of the evidence is not sufficient to establish CUE. The board determined, moreover, that because in 1961 "there was no medical evidence of record establishing a nexus between [Leonhardt's] in-service back injury" and his subsequent back disorder, there was no CUE in the RO's rating decision denying Leonhardt's claim for disability benefits.

On appeal, the Veterans Court affirmed. The court stated that while Leonhardt disagreed with the RO's evaluation of the evidence in the 1961 rating decision, he failed to establish that the decision contained CUE. *Veterans Court Decision*, 2010 U.S. App. Vet. Claims LEXIS 2426, at *5-6. The court explained that the RO's "decision did consider all the relevant evidence, and Mr. Leonhardt's current dispute is with how the evidence was weighed or evaluated, which is not CUE." *Id.* at *6. The court rejected, moreover, Leonhardt's argument that if the

RO had properly applied the "combat presumption" contained in 38 U.S.C. § 1154(b), that presumption would have been sufficient to establish a nexus between Leonhardt's current back disorder and his in-service back injury.[1]  *Id.*  The court explained that section 1154(b) addresses the question of whether a particular disease or injury was incurred in service, not whether there is a sufficient nexus between an in-service injury and a subsequently-diagnosed disability.  *Id.* at *6-7.  Because section 1154(b) was insufficient to establish the requisite nexus between Leonhardt's current back disorder and his in-service back injury, the court concluded that the board had correctly rejected Leonhardt's claim alleging CUE in the RO's 1961 rating determination.

Leonhardt then filed a timely appeal to this court.  We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

This court's authority to review decisions of the Veterans Court is circumscribed by statute.  *See* 38 U.S.C. § 7292.  Although we have no authority to review challenges to factual determinations or the application of a statute or regulation to the facts of a particular case, "[w]e have recognized . . . that where adoption of a particular legal standard dictates the outcome of a case based on undisputed facts, we may address that issue as a question of law."  *Halpern v. Principi*, 384 F.3d 1297, 1306 (Fed. Cir. 2004).

In order to establish entitlement to disability benefits, a veteran generally must meet three requirements.  First, he must show that he suffers from a current disease or disability.  *Shedden v. Principi*, 381 F.3d 1163, 1167 (Fed.

---

[1]    Section 1154(b) was previously codified at 38 U.S.C. § 354(b).

Cir. 2004). Second, he must establish that he suffered an in-service incurrence or aggravation of a disease or injury. *Id.* Finally, the veteran must present evidence showing that there is a causal link, or nexus, between his present disability and the disease or injury incurred or aggravated during military service. *Id.* Here, there is no dispute that Leonhardt met the first two requirements for service-connected disability benefits. At issue, however, is the question of whether the record contained sufficient evidence, at the time of the 1961 rating decision, to establish the requisite nexus between Leonhardt's in-service back injury and his subsequent back disorder.

On appeal, Leonhardt argues that section 1154(b) provides the necessary nexus between his in-service back injury and his current back disability. That statute provides:

> In the case of any veteran who engaged in combat with the enemy in active service with a military, naval, or air organization of the United States during a period of war, campaign, or expedition, *the Secretary shall accept as sufficient proof of service-connection* of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory *lay or other evidence of service incurrence or aggravation* of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the veteran.

38 U.S.C. § 1154(b) (emphases added).

According to Leonhardt, the Veterans Court misinterpreted section 1154(b) when it held that while the statute

can be used to establish that a combat veteran suffered an injury or disease while in service, it does not address the issue of whether there is a causal relationship between that in-service disease or injury and a subsequently-diagnosed disability. Leonhardt asserts that if the RO, in its January 1961 rating decision, had properly applied section 1154(b), it would have determined that there was a sufficient nexus between the back injury he suffered while serving in Korea and his current back disorder.

We rejected this argument in *Davidson v. Shinseki*, 581 F.3d 1313, 1315-16 (Fed. Cir. 2009). There we acknowledged that section 1154(b), by its plain terms, allows a combat veteran to use lay evidence to establish that he suffered an injury or disease while in active military service. *Id.* at 1315. The statute, however, is "inapplicable" for purposes of determining whether there is a causal connection between that injury or disease and a subsequently-diagnosed disability. *Id.* Simply put, section 1154(b) is directed to the issue of "what happened then"—whether a veteran incurred an injury or disease while on active duty—not to the question of whether a current disability was caused by an earlier in-service injury or disease.[2] *Id.* (citations and internal quotation marks omitted).

When it enacted section 1154(b), Congress was concerned about the "major obstacle[s]" faced by combat

---

[2]    *Davidson* involved a claim for dependency and indemnity compensation filed by the spouse of a deceased veteran under 38 U.S.C. § 1310. Here, by contrast, the issue is whether a veteran is entitled to disability benefits pursuant to 38 U.S.C. § 1110. The dispositive issue in both cases, however, is whether section 1154(b) establishes the requisite causal nexus between a disease or injury incurred in service and a subsequently-diagnosed disability.

veterans seeking to assemble the medical records necessary to establish that they suffered an injury or disease while in service. H.R. Rep. No. 1157, at 3 (1941). Congress noted that, due to the exigencies of battle, a soldier might not immediately seek medical treatment for a combat-related injury. *Id.* In many cases, moreover, service medical records do not survive combat conditions. *Id.* Recognizing that official medical records substantiating combat-related injuries will frequently be unavailable to a veteran seeking disability benefits, Congress enacted section 1154(b), which allows a combat veteran to use "satisfactory lay or other evidence" to establish that he was injured while on active duty, even in cases where "there is no official record" that such injury occurred. 38 U.S.C. § 1154(b); *see also Dambach v. Gober*, 223 F.3d 1376, 1380 (Fed. Cir. 2000) (explaining that section 1154(b) "recognizes that combat conditions do not always permit the recording of diseases, injuries, or treatment," and that any existing records might "not necessarily be complete"). The statute, moreover, specifically provides that the VA must "resolve every reasonable doubt in favor of the veteran" when determining whether a combat veteran incurred a particular disease or injury while in active service. 38 U.S.C. § 1154(b).

Section 1154(b) thus "makes it abundantly clear that special considerations attend the cases of combat veterans." *Jensen v. Brown*, 19 F.3d 1413, 1416 (Fed. Cir. 1994). There is nothing in the statute's plain language or legislative history, however, to indicate that Congress intended to eliminate the requirement that a combat veteran establish a casual relationship between an in-service injury and a disability diagnosed after leaving military service.

Leonhardt's argument on appeal is premised on a misunderstanding of the difference between a finding that

an injury is "service-connected" and a determination that a veteran is entitled to VA disability benefits. The term "service-connected" means that a disease or injury was incurred in the line of duty. *See* 38 U.S.C. § 101(16) (stating that a service-connected disability is one which is "incurred or aggravated . . . in line of duty in the active military, naval, or air service"); *Shedden*, 381 F.3d at 1166 (explaining that the terms "service-connected" and "incurred in the line of duty" have the same meaning). Thus, when section 1154(b) states that a combat veteran can use lay evidence to establish "service-connection," it means that he can use such evidence to prove that he suffered an injury "in the line of duty" while in active military service.[3]

---

[3] A veteran can, under certain circumstances, use lay evidence to establish the requisite nexus between an in-service injury and a post-service disability. *See Davidson*, 581 F.3d at 1316 (rejecting the view "that a valid medical opinion was required to prove nexus" (citations and internal quotation marks omitted)); *Buchanan v. Nicholson*, 451 F.3d 1331, 1337 (Fed. Cir. 2006) ("[T]he Board cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence."). Here, the Veterans Court determined that the RO considered all of the relevant evidence, including statements from Leonhardt and his mother indicating that he had injured his back in service. *See Veterans Court Decision*, 2010 U.S. App. Vet. Claims LEXIS 2426, at *5 (emphasizing that the RO's 1961 rating decision both summarized the letter from Leonhardt's mother and noted that Leonhardt had told a VA medical examiner in 1960 that he had injured his back while in service). The Veterans Court concluded, however, that there was no CUE in the RO's decision denying disability benefits because the record, in 1961, contained insufficient evidence to establish the requisite nexus between Leonhardt's in-service back injury and his subsequent back disability. Whether there was sufficient

Section 1154(b) does not, however, speak to the separate issue of whether a veteran is entitled to VA disability benefits for an in-service injury or disease. "[T]he mere fact that a serviceman has suffered a service-connected disease or injury does not automatically lead to compensation for future disabilities." *Shedden*, 381 F.3d at 1166. As discussed previously, service-connected benefits are only available if a veteran establishes a causal connection between an in-service injury or disease and a current medical disability. Because section 1154(b) does not provide the requisite nexus between Leonhardt's in-service back injury and his subsequently-diagnosed back disorder, the Veterans Court correctly rejected his claim alleging CUE in the RO's 1961 rating determination.

COSTS

No costs.

**AFFIRMED**

---

medical or lay evidence in the record, as of 1961, to establish nexus is a factual determination that this court lacks jurisdiction to review. *See* 38 U.S.C. § 7292(d)(2); *Jandreau v. Nicholson*, 492 F.3d 1372, 1377 (Fed. Cir. 2007).