NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LUTHER J. BUCKNER,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Defendant-Appellee.*

---

2013-7071

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-3536, Judge Mary J. Schoelen.

---

Decided: August 14, 2013

---

LUTHER J. BUCKNER, of Shawnee, Oklahoma, pro se.

DANIEL RABINOWITZ, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy

Assistant General Counsel, and MEGHAN D. ALPHONSO, Attorney, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

―――――――

Before LOURIE, MAYER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Luther J. Buckner appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming the Board of Veterans' Appeals' ("Board") denial of entitlement to disability compensation for a gastrointestinal disorder. *Buckner v. Shinseki*, No. 11–3536, 2012 WL 5900987 (Ct. Vet. App. Nov. 26, 2012). Because Mr. Buckner's appeal does not raise any constitutional issues and only challenges factual determinations or the application of the law to the facts of his case, it is dismissed for lack of jurisdiction.

## BACKGROUND

Mr. Buckner served in the United States Army from April 1965 until April 1968, including service in the Republic of Vietnam. *Buckner*, 2012 WL 5900987, at *1. During his service, Mr. Buckner developed cancer of the right testicle and underwent two surgeries—one to remove the testicle and another to remove lymph nodes to determine whether the cancer had spread. *Id.* Following the second surgery, Mr. Buckner's doctors concluded that the cancer had not spread and determined that Buckner was cured. *Id.*

According to Mr. Buckner's private medical records, Mr. Buckner underwent an upper gastrointestinal series in February 1988 and was treated for abdominal distention in March 1990. *Id.* Mr. Buckner's physician reported that Mr. Buckner had told him that he had received radiation therapy in 1967 for carcinoma of the testicle. *Id.* The physician opined that Mr. Buckner's gastrointestinal disorder could be related to past radiation treatment. *Id.*

In November 1994, Mr. Buckner submitted a claim to the Department of Veterans Affairs ("VA") for disability compensation for stomach problems diagnosed as "possible radiation enteritis as secondary to service-connected disability acquired absence, right testicle for carcinoma." *Id.* (footnote, citation, and internal quotation marks omitted). "'Radiation enteritis' is defined as 'damage to the small intestine by ionizing radiation." *Id.* at *1 n.1 (quoting DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 624 (32d ed. 2012)). In August 1995, the Regional Office ("RO") denied Mr. Buckner's claim, concluding that there was no evidence of a gastrointestinal disorder during military service and no evidence that Mr. Buckner received radiation treatment during service. *Id.*

The Board reopened Mr. Buckner's claim in November 2005, after Mr. Buckner and his spouse submitted additional statements in support of the claim and requested a copy of Mr. Buckner's service medical records from the VA. *Id.* at *2. The Board remanded the claim to the Appeals Management Center ("AMC"), and the AMC ultimately concluded that there was no evidence connecting Mr. Buckner's gastrointestinal condition with his military service. *Id.* Subsequently, the Board again remanded Mr. Buckner's claim for further development, including a VA examination. *Id.* The VA examination was conducted in March 2007, and the examiner opined that Buckner's gastrointestinal disorder did not have its onset during service and did not result from Mr. Buckner's testicular cancer. *Id.*

In October 2007, the RO denied entitlement to disability compensation for Mr. Buckner's gastrointestinal disorder, concluding that it was not secondary to his service-connected testicular carcinoma or post-traumatic stress disorder disabilities, or due to herbicide exposure. *Id.* Mr. Buckner's request for reconsideration was denied, and Mr. Buckner appealed to the Veterans Court. *Id.* In August 2009, the Veterans Court vacated the Board's decision and remanded the claim pursuant to a joint

motion for remand. *Id.* The Board then remanded Mr. Buckner's claim to the RO for further development. *Id.*

In January 2010, the RO requested that the National Personnel Records Center ("NPRC") provide Mr. Buckner's hospitalization and treatment records from his service for the three months prior to Buckner's treatment for testicular cancer. *Id.* In response, the NPRC provided all of the available requested records. *Id.* The records the NPRC provided, however, already were part of the record before the RO. *Id.* The RO ultimately denied Mr. Buckner's claim, which then came before the Board. *Id.* The Board also denied entitlement to disability compensation, concluding that

> [t]he preponderance of the evidence is against finding that [Mr. Buckner's] gastrointestinal disorder manifested in service or within one year of separation from service, is the result of herbicide exposure in service, or is proximately due to or been aggravated by service or a service-connected disability, including posttraumatic stress disorder or right testicle carcinoma.

A15. The Veterans Court affirmed, rejecting Mr. Buckner's arguments that "the Board erred in giving greater weight to the VA examiner's opinion than to the opinion of his private physicians" and that the VA did not fulfill its duty to assist under 38 U.S.C. § 5103A by "fail[ing] to obtain service medical records that detail the operation he had and another record that shows that he was treated for a stomach problem while in Vietnam." *Buckner*, 2012 WL 5900987, at *3–6. Mr. Buckner appealed.

ANALYSIS

"This court's jurisdiction to review decisions of the Veterans Court is limited by statute." *Kyhn v. Shinseki*, 716 F.3d 572, 575 (Fed. Cir. 2013). Under 38 U.S.C. § 7292(a), this court may review "the validity of a decision of the [Veterans] Court on a rule of law or any statute or regulation . . . or any interpretation thereof . . . that was

relied on by the Court in making the decision." Section 7292(d)(2), however, provides that, "[e]xcept to the extent that an appeal . . . presents a constitutional issue, [this court] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."

On appeal, Mr. Buckner disputes a number of the Veterans Court's determinations.[1] In particular, Mr. Buckner suggests that the court improperly weighed medical evidence related to his gastrointestinal disorder. The Veterans Court's conclusions aligned with those of the examiner reached following the March 2007 VA examination. But, according to Mr. Buckner, the VA examiner merely questioned him about his condition, whereas his private physicians conducted an endoscopic examination. Consequently, Mr. Buckner suggests that his private physicians' opinions should have been given more weight than those of the VA examiner. The Veter-

---

[1] Mr. Buckner does not expressly raise any constitutional challenges, and we conclude that there are no constitutional issues presented in this appeal. *See Pinckney v. Shinseki*, 467 F. App'x 895, 897 (Fed. Cir. 2012) (finding that the appellant did not raise any constitutional issues when his arguments merely challenged the correctness of factual conclusions and the application of law to the facts of the case). Mr. Buckner expresses frustration with his inability to present his arguments in person because of his inability to travel to Washington, D.C., and he requests that we order the Veterans Court to conduct a hearing in Muskogee, Oklahoma. This request, however, does not raise a constitutional issue, and is beyond the power of this court. While we are sympathetic to Mr. Buckner's concerns, it appears that the Board and Veterans Court addressed all of Mr. Buckner's arguments and reached their determinations after evaluating all available evidence.

ans Court's weighing of evidence, however, is a factual determination, and reviewing such a determination is beyond the jurisdiction of this court. *Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder. We lack jurisdiction to review these determinations.").

Mr. Buckner also suggests that the Veterans Court failed to appreciate that exposure to radiation or chemicals, such as the herbicide Agent Orange, can cause medical problems that manifest many years after exposure. Whether the evidence of record establishes a nexus between an in-service occurrence and a post-service disability, however, is also a factual determination that this court lacks jurisdiction to review. *See Leonhardt v. Shinseki*, 463 F. App'x 942, 947 n.3 (Fed. Cir. 2012) ("Whether there was sufficient medical or lay evidence in the record, as of 1961, to establish nexus is a factual determination that this court lacks jurisdiction to review."); *Johnson v. Shinseki*, 440 F. App'x 919, 922 (Fed. Cir. 2011) ("Mr. Johnson effectively asks this court to reconsider the evidence and his medical history to conclude that there is a nexus between his back condition and his military service. This is a quintessential factual determination that we are without jurisdiction to make.").[2]

Finally, Mr. Buckner suggests that the VA did not comply with its duty to assist by failing to obtain certain service medical records. The VA has a duty to assist under 38 U.S.C. § 5103A, and that duty includes "mak[ing] reasonable efforts to assist a claimant in ob-

---

[2]    In accordance with Federal Circuit Rule 32.1(d), we refer to nonprecedential dispositions for "guidance or persuasive reasoning," but we do not give such dispositions "the effect of binding precedent."

taining evidence necessary to substantiate a claimant's claim." § 5103A(a)(1); *see also Golz v. Shinseki*, 590 F.3d 1317, 1320–21 (Fed. Cir. 2010). The Veterans Court upheld the Board's determination that the VA had fulfilled its duty to assist by "ma[king] several requests to NPRC that did not reveal any additional service medical records or suggest that there might have been records that were not produced." *Buckner*, 2012 WL 5900987, at *5. We lack jurisdiction to review this conclusion, as the Veterans Court was merely applying the law to the facts of the case. *See Glover v. West*, 185 F.3d 1328, 1333 (Fed. Cir. 1999) (concluding that there was no jurisdiction to review the Veterans Court's determination that there was no breach of the duty to assist); *Tucker v. Shinseki*, 484 F. App'x 525, 528 (Fed. Cir. 2012) (finding no jurisdiction to review the determination that "the duty to assist was satisfied" because it involved the "mere application of controlling case law to the relevant facts"); *see also Keel v. Nicholson*, 241 F. App'x 702, 705 (Fed. Cir. 2007) (Arguments "that medical records existed but were not obtained by the VA . . . involve challenges to factual matters that we cannot review.").

## CONCLUSION

Mr. Buckner's arguments on appeal do not raise any constitutional issues and merely challenge factual determinations or the application of the law to the facts of his case. Because we lack jurisdiction to review the Veterans Court's conclusions challenged on appeal, Mr. Buckner's appeal is dismissed.

**DISMISSED**