NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID O. KEEL,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7007

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-2436, Judge Coral Wong Pietsch.

---

Decided: March 10, 2015

---

DAVID O. KEEL, Kingman, AZ, pro se.

EMMA BOND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR, MARTIN F. HOCKEY, JR.; Y. KEN LEE, CHRISTINA LYNN GREGG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, BRYSON, and CHEN, *Circuit Judges.*

PER CURIAM.

## DECISION

David O. Keel appeals from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court") denying what Mr. Keel characterized as a request "for reinstatement of extraordinary relief." We dismiss the appeal for lack of appellate jurisdiction.

## BACKGROUND

Mr. Keel served on active duty with the United States Army from May to December 1980.[1] Beginning in 1981, he repeatedly sought disability benefits from the Department of Veterans Affairs ("DVA"), claiming that he suffers from service-connected disabilities. His claims have been repeatedly rejected, either because the DVA concluded that he does not suffer from some of the complained-of conditions, or because he has not shown that those conditions were incurred or aggravated during the time he was on active duty.

In 2004, the Board of Veterans Appeals upheld the denial of Mr. Keel's claims, finding that he had not offered any new and material evidence with regard to his previously rejected claims and that his new claims were not shown to be related to his service. The Veterans Court affirmed the Board's decision in 2006 in a detailed opinion. The court first explained that Mr. Keel was not

---

[1] Mr. Keel contends that he served on active duty for longer than that. At various points he has argued that he served until 1986 or 1990. In an earlier proceeding, the Board and the Veterans Court ruled that he left active duty in December 1980.

entitled to service connection for disabilities incurred during the time between 1980 and 1986 that he was in the Ready Reserves. The court then upheld the Board's conclusion that no new and material evidence had been submitted to justify reopening his previously denied claims, and it upheld the Board's finding that he was not entitled to service connection for his new claims, as he had not introduced any evidence linking those claims to his active duty service.

Mr. Keel appealed that decision to this court, which dismissed the appeal for lack of jurisdiction. *Keel v. Nicholson*, 241 F. App'x 702 (Fed. Cir. 2007). Among Mr. Keel's claims in that proceeding were that the Veterans Court had erroneously found that his period of active duty ended in December 1980 and that the DVA had tampered with his medical and service records. We held that Mr. Keel's appeal did not present a challenge to the Veterans Court's interpretation of a statute or regulation, but only challenged factual determinations. Those challenges, we noted, are not within our jurisdiction to review. *Id.* at 704-05 (citing 38 U.S.C. § 7292(d)(2)).

In July 2011, Mr. Keel filed a new claim for benefits, seeking service connection for several of his original claims, seeking to reopen certain previously denied claims, and seeking benefits for total disability based on individual unemployability ("TDIU"). A DVA regional office denied his original claims for lack of showing of service connection; it denied the request to reopen other claims for lack of a showing of new and material evidence; and it denied his TDIU claim because he lacked any service-connected disabilities. Mr. Keel has filed a Notice of Disagreement with that decision, and those claims are currently pending before the regional office.

In July 2014, Mr. Keel filed a petition for extraordinary relief with the Veterans Court. In the petition, he sought relief from the August 2004 Board decision that

was the subject of the Veterans Court's 2006 affirmance and this court's 2007 dismissal. He claimed in his petition that he had been granted extraordinary relief on all eight of his claims, but that his claims had subsequently been improperly denied. The Veterans Court denied the petition, holding that there was no evidence that the Veterans Court had ever granted him extraordinary relief. Treating his petition as a request for mandamus, the Court held that he had failed to demonstrate a clear and indisputable right to extraordinary relief. The court therefore denied the petition. Mr. Keel then took this appeal.

## DISCUSSION

Mr. Keel's appeal must be dismissed. This court enjoys only limited jurisdiction over appeals from the Veterans Court. In particular, except to the extent that an appeal presents a constitutional issue, this court is not authorized to review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2).

The claims that Mr. Keel seeks to raise before this court are purely factual. His contentions that the Board incorrectly determined his discharge date and that the DVA has destroyed his files are distinctly factual matters over which this court has no jurisdiction. Moreover, even if we had jurisdiction to address those contentions, they would be barred by principles of res judicata, as those contentions were all decided adversely to Mr. Keel in the proceeding that ended with the 2007 decision of this court.

As for Mr. Keel's claim that he was granted extraordinary relief by the Veterans Court but that his relief was improperly taken away from him, that claim, besides being wholly unsupported by any evidence, is also a factual contention that is outside our jurisdiction to

review.  As we did in our 2007 ruling, we therefore again dismiss Mr. Keel's appeal for lack of jurisdiction.

**DISMISSED**