NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID O. KEEL,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1768

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-7020, Judge Joseph L. Toth.

---

Decided:  October 9, 2024

---

DAVID O. KEEL, Hualapai, AZ, pro se.

COLLIN T. MATHIAS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY.

---

Before LOURIE, BRYSON, and STARK, *Circuit Judges.*

PER CURIAM.

David O. Keel appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") denying several claims for disability benefits. Because we lack jurisdiction, we must dismiss the appeal.

I

Mr. Keel, a United States Army veteran, has filed numerous requests for disability benefits from the Department of Veterans Affairs ("VA").

Mr. Keel's appeal relates to seven claims he filed in 2011: (1) three claims to reopen previously-denied claims for service-connected disability compensation for a bilateral hip disorder, gastroesophageal reflux disease ("GERD"), and ischemic heart disease ("IHD"); (2) three new claims for service-connected disability compensation for a gastrointestinal disorder other than GERD, a sinus disorder, and a lower back disorder; and (3) one new claim for total disability due to individual unemployability ("TDIU") due to service-connected disabilities.

After a VA regional office denied all seven claims, Mr. Keel appealed to the Board. In July 2018, after a hearing, the Board issued a decision denying Mr. Keel's requests to reopen the previously-denied claims and remanding the remaining four claims for further record development.

Mr. Keel then appealed to the Veterans Court, where he alleged – and the Secretary conceded – that he had not been provided an opportunity to review and correct the transcript of the Board's hearing. Upon the Secretary's request, the Veterans Court vacated the Board's 2018 decision and remanded for the Board to provide Mr. Keel an opportunity to correct errors in the transcript.

In an October 2021 decision, the Board denied all seven of Mr. Keel's claims. As it had in 2018, the Board again

denied Mr. Keel's three requests to reopen the previously-denied claims, finding that Mr. Keel had failed to submit sufficient new and relevant evidence to warrant reopening, as required by 38 U.S.C. § 7104(b). *See also* 38 U.S.C. § 5108(a). The Board also denied Mr. Keel's three new claims for service-connected benefits because Mr. Keel refused, without good cause, to participate in scheduled medical examinations, which "would have been helpful in the adjudication" of Mr. Keel's claims. S. App'x 43.[1] Accordingly, the Board found "that the preponderance of the evidence is against a finding" that Mr. Keel's gastrointestinal disorder other than GERD, sinus disorder, or lower back disorder were related to his service. S. App'x 43-46. Lastly, the Board denied Mr. Keel's TDIU claim because he "currently ha[d] no service-connected disabilities" to support entitlement to TDIU. S. App'x 47.

Mr. Keel once again appealed to the Veterans Court, which affirmed the Board's denial of all seven claims, after determining that Mr. Keel "ha[d] not identified any specific error of law or fact in the Board decision." S. App'x 3. This timely appeal followed.

## II

Our jurisdiction over appeals from the Veterans Court is limited by statute. We are not authorized to hear appeals challenging factual determinations or the application of a law or regulation to the facts of a particular case. *See* 38 U.S.C. § 7292(d)(2).

Mr. Keel's appeal only challenges "factual details of veterans benefits cases, such as whether the veteran's disability is service connected, when it began, and the extent of the disability." *Lamb v. Principi*, 284 F.3d 1378, 1381-82 (Fed. Cir. 2002). Mr. Keel's allegation that the VA

---

[1] References to S. App'x refer to the Supplemental Appendix submitted with the Secretary's brief.

destroyed his records is also a factual matter that we lack power to review.  *See Keel v. Nicholson*, 241 F. App'x 702, 705 (Fed. Cir. 2007) (noting allegations that VA tampered with records are "challenges to factual matters that we cannot review").  Accordingly, we lack jurisdiction to review any part of this appeal.

## III

For the foregoing reasons, we dismiss Mr. Keel's appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.